546 So.2d 36 (1989)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner,
v.
Patricia GRAY and Robert Gray Her Husband, Respondents.
No. 89-872.
District Court of Appeal of Florida, Third District.
June 27, 1989.
Kubicki, Bradley, Draper, Gallagher & McGrane and Betsy E. Gallagher, Miami, for petitioner.
Nuzzo & Gonzalez and Michael A. Nuzzo, Miami, for respondents.
Before BARKDULL, BASKIN and LEVY, JJ.
PER CURIAM.
Petitioner State Farm Mutual Automobile Insurance Company seeks certiorari review of the trial court's April 13, 1989, order requiring petitioner to produce by *37 April 14, 1989, the number of petitioner's referrals to independent medical examiner Dr. Richard Glatzer. The challenged order is the product of a hearing on April 10, 1989, and relates to claims processed by petitioner's Coral Reef office during the twelve (12) month period beginning May 1, 1987 and ending May 1, 1988. Petitioner had moved for a protective order, with a supporting affidavit, on the grounds that the request was so unduly burdensome as to be oppressive, that petitioner maintained no central file from which the requested information could be readily retrieved, and that, therefore, petitioner could not comply without expending great amounts of both time and money. We agree with petitioner, grant certiorari, and quash the order of the trial court.
Certiorari review will lie where, as here, the trial court's order constitutes an abuse of discretion and a departure from the essential requirements of law. American Health Plan, Inc. v. Kostner, 367 So.2d 276 (Fla. 3d DCA 1979); Argonaut Insurance Company v. Peralta, 358 So.2d 232 (Fla. 3d DCA 1978). Respondents have not sufficiently contradicted petitioner's affidavit which states that petitioner does not maintain a central records file from which the requested information can be readily extracted. We therefore find the requested production to be so unduly burdensome as to be oppressive. See North Miami General Hospital v. Royal Palm Beach Colony, Inc., 397 So.2d 1033 (Fla.3d DCA 1981) (request which required manual retrieval and review of more than 37,000 admission files found burdensome); Travelers Indemnity Co. v. Salido, 354 So.2d 963 (Fla.3d DCA 1978) (request for insurer's paid bills found unduly burdensome where insurer maintained no central records file and compliance would require examination and review of thousands of claim files). Additionally, while our primary concern is the substantive aspect of the challenged order, we note as a secondary matter that, were the requested production not inherently burdensome, requiring compliance within four days from the date of the hearing would be.
Accordingly, the order of April 13, 1989, is hereby quashed.
CERTIORARI GRANTED AND CAUSE REMANDED IN ACCORDANCE HEREWITH.