573 So.2d 1084 (1991)
Ernest Raymond McADOO and Alfonso Petti, M.D., Petitioners,
v.
Gudrun OGDEN and Leadley Ogden, Respondents.
No. 90-2142.
District Court of Appeal of Florida, Fourth District.
February 13, 1991.
John R. Hargrove and Lillian W. Conrad of Heinrich Gordon Batchelder Hargrove Weihe & Gent, Fort Lauderdale, for petitioners.
Harry D. Dennis, Jr., Pompano Beach, for respondents.
*1085 POLEN, Judge.
Dr. McAdoo, defendant below in this suit stemming from an automobile accident, and his expert nonparty witness, Dr. Petti, seek review by certiorari of the circuit court's denial of Dr. McAdoo's motion for a protective order. We deny the petition for certiorari and uphold the trial court's order as we find there was no departure from the essential requirements of law and the information sought is neither privileged nor cat-out-of-the-bag information. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987).
McAdoo filed a motion for a protective order in response to Ogden's production request for all reports Dr. Petti had made for any insurance company or any defense law firm as a result of any medical examination of a plaintiff in any pending cases in Broward County from January 1, 1990, and copies of bills to the individual or company paying for the examinations and reports. The court granted the order as to other patients' reports but denied the request as to copies of bills to individuals or companies for whom Dr. Petti had served as a defense expert examiner. The court ordered petitioner to produce the billing or advise the respondents of the cost of production which respondents could pay within thirty days and production would take place twenty days thereafter.
At issue is plaintiff's entitlement to the requested discovery. Resolution of the issue requires balancing of the competing interests of the relevancy of the discovery information sought as impeachment information, against the burdensomeness of its production and the confidentiality interests of the doctor. North Miami General Hospital v. Royal Palm Beach Colony, Inc., 397 So.2d 1033 (Fla. 3d DCA 1981). Whether we are talking about a box-full or a boxcar-full of files, First City Developments v. Hallmark, 545 So.2d 502 (Fla. 4th DCA 1989), Dr. Petti's only burden is producing an estimate as to the approximate cost of compiling the information and subsequently supervising that procedure. The information sought is relevant in that it might serve to demonstrate the witness's potential bias, if, as respondents suggest, a significant part of the doctor's income is derived from insurance company business. Dr. Petti's concern for patient confidentiality can be addressed, for example, by just "whiting out" the patients' names on the bills. Petitioners' burden does not outweigh the desirability of providing the trier of fact with relevant, helpful information. We therefore deny the petition for certiorari.
GARRETT, J., and WALDEN, JAMES H. (Retired), Associate Judge, concur.