590 So.2d 555 (1991)
DOLLAR GENERAL, INC., and Richard Glatzer, M.D., Petitioners,
v.
Irene DEANGELIS and Dominique Deangelis, her husband, Respondents.
No. 91-2326.
District Court of Appeal of Florida, Third District.
December 24, 1991.
Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane and William L. Summers, for petitioners.
Joe N. Unger; Kaplan & Freedman, for respondents.
Roy D. Wasson for the Academy of Florida Trial Lawyers, as amicus curiae.
Before HUBBART, COPE and GERSTEN, JJ.
PER CURIAM.
This is a petition for a writ of certiorari filed by the defendant Dollar General, Inc. in a negligence action arising from a trip-and-fall accident and by Richard Glatzer, M.D., an expert witness for the defendant in this action. The instant petition seeks review of a trial court order denying a defense motion for a protective order as to the plaintiff Irene Deangelis' deposition subpoena duces tecum of Richard Glatzer, M.D. We grant the petition and quash, in part, the order under review.
The subpoena duces tecum issued by the plaintiffs directed Richard Glatzer, M.D. to produce the following records at his deposition:
"1. True and correct copies of all bills issued by Richard Glatzer, M.D. as a defense expert examiner to any insurance company or law firm from January 1, 1989 to the present (Note: the name of the patient may be whited out.)
2. True and correct copies of all journals, ledgers or 1099 forms pertaining to payments received by Richard Glatzer, M.D., from January 1, 1989 to the present for examinations performed at the request of any insurance company or law firm."
The deposition was to be held ten days after the plaintiffs mailed the notice of deposition to Dr. Glatzer.
*556 The defendant Dollar General, Inc. filed a motion for a protective order on the ground that Dr. Glatzer would not be able to comply with this subpoena without expending a great amount of time and money, and therefore the production request was unduly burdensome and oppressive. In support thereof, the defendant submitted a detailed affidavit of Dr. Glatzer; this affidavit states that it would take Dr. Glatzer's office several months and great expense to produce the records requested as his office does not have any type of central filing system from which the requested records could be readily obtained. The plaintiffs submitted no counteraffidavits. The trial court denied the motion for protective order and required production of the requested records in four days at Dr. Glatzer's expense. This petition for a writ of certiorari follows.
We conclude that the records sought by the plaintiffs are extremely relevant on the issue of Dr. Glatzer's credibility as an expert witness for the defendant and were clearly discoverable if not unduly burdensome to Dr. Glatzer to produce. McAdoo v. Ogden, 573 So.2d 1084 (Fla. 4th DCA 1991). However, given the fact that Dr. Glatzer's affidavit went uncontradicted below, we conclude that a prima facie case of oppressiveness was established in this case, so that the order under review must necessarily be quashed, in part, because, among other things, the trial court required the production of voluminous records in just four days from the entry of the order appealed from and required Dr. Glatzer to bear the expense of producing the requested records. State Farm Mut. Auto. Ins. Co. v. Gray, 546 So.2d 36 (Fla.3d DCA 1989).
Upon remand, the plaintiffs may depose Dr. Glatzer [or others] to inquire whether his office or some other party has the records requested  particularly the 1099 forms  in another form which would not be unduly burdensome for Dr. Glatzer or others to produce. It is, for example, difficult to believe  as no doubt the trial court concluded  that Dr. Glatzer does not have ready access to some of the records requested if for no other purpose than for income tax filings, particularly the 1099 forms. Upon the plaintiffs' making the appropriate record upon remand, the trial court is directed to enter an order thereafter which (1) mandates, within a reasonable time, the production of the requested records which would not be unduly burdensome for Dr. Glatzer to produce, and (2) requires the plaintiffs to reimburse Dr. Glatzer for the reasonable costs incurred in producing such records.
Petition granted; order under review quashed in part; cause remanded.