593 So.2d 1140 (1992)
Sherry Denise WOOD, as Personal Representative of the Estate of Marshall Wood, Deceased, and Sherry Denise Wood, Individually, Petitioner,
v.
TALLAHASSEE MEMORIAL REGIONAL MEDICAL CENTER, INC., a Florida Corporation, and Patrick J. McCarthy, M.D., Individually, Respondents.
No. 91-3067.
District Court of Appeal of Florida, First District.
February 7, 1992.
*1141 Sidney L. Matthew of Gorman & Matthew, P.A., Tallahassee, for petitioner.
John D. Buchanan, Jr. of Henry, Buchanan, Mick & English, P.A., Tallahassee, for respondent Tallahassee Memorial Regional Medical Center.
Gary A. Shipman of Collins, Dennis & Truett, P.A., Tallahassee, for respondent McCarthy.
WEBSTER, Judge.
Petitioner, plaintiff below, seeks review by certiorari of a discovery order entered in a medical malpractice action, which order requires all "non-treating medical expert witnesses" who will testify at trial to produce for in camera inspection by the trial court (1) tax returns for the preceding five years, to the extent that they reflect any income received "for reviewing, advising, giving depositions or testifying in any medical malpractice case"; and (2) all documents "which reveal cases in which they have provided testimony either in deposition, arbitration, mediation or at trial for medical malpractice cases in the last five years." Because we conclude that the trial court's order does not constitute a departure from the essential requirements of law, we deny the petition.
To place the order which petitioner challenges in proper context, it is necessary to have some understanding of the proceedings which led up to its entry. A reasonable time before the scheduled depositions of petitioner's non-treating medical expert witnesses, respondents served notices requesting that each witness produce at his deposition "[a] listing of all cases in which [he] has either given a deposition or has testified at trial"; and copies of his income tax returns. (Respondent McCarthy requested "[c]opies of all income tax returns for the years 1980 through 1990"; and respondent Tallahassee Memorial requested "[c]opies of all income tax returns which show the amount of compensation received ... for consulting in medical malpractice cases, giving depositions in medical malpractice cases, or testifying in medical malpractice cases.") Petitioner objected to the notices to produce, stating, in conclusory terms, that the requests were "annoying, harassing, irrelevant, immaterial, burdensome and oppressive." After a hearing, the trial court entered an order which directed *1142 petitioner's experts to produce at their depositions "that portion of income tax returns that reveals any income received from reviewing, advising, giving deposition or testifying for the last five years"; and "either a list of all cases in which they have given testimony in deposition or at trial or ... such records [as] they have access to which will reveal cases in which they have provided testimony."
Despite the trial court's order, none of petitioner's experts produced any documents at their depositions. Moreover, during the depositions it became obvious that none of the experts had even made an effort to comply with the order. Respondents attempted to elicit from the experts during their depositions the particulars regarding their participation as experts in other malpractice cases. However, their questions were met uniformly by inability to recall, or by vague and evasive answers. Understandably frustrated, respondent McCarthy filed the motion to compel which led to the entry of the order now challenged by petitioner.
In its order, the trial court first concludes that "[t]he past amount of earnings and past testimony of non-treating medical experts are material matters that are subject to discovery and are relevant issues for consideration as to the credibility of the witness by the jury." The trial court then holds as follows:
[1.] The tax returns for any year in which any non-treating medical expert witness earned any income from reviewing, advising, giving depositions or testifying in any medical malpractice case for the last five years shall be produced to this Court for an in camera inspection within 30 days from the date of this Order.
[2.] All non-treating medical expert witnesses who are intended to be used in trial by any party shall produce in camera to this Court within 30 days from the date of this Order any calendars, diaries, ledgers, indexes or such other records or documents which they have access to or in their possession which reveal cases in which they have provided testimony either in deposition, arbitration, mediation or at trial for medical malpractice cases in the last five years.
[3.] Failure to produce the above-referenced tax returns or records concerning testimony by nontreating medical experts shall preclude these experts from testifying at trial or from the entry into evidence of any testimony from such experts.
While not entirely clear, it appears that the principal bases for petitioner's challenge to the order are that it is oppressive, harassing and results in an unjustified invasion of the witnesses' right to privacy.
Initially, we agree with the court's conclusion in Dollar General, Inc. v. Glatzer, 590 So.2d 555, 556 (Fla. 3d DCA 1991), that records of the type sought below by respondents "are extremely relevant on the issue of ... credibility as an expert witness... ." Further, we align ourselves with the Third and the Fourth Districts, and hold that, to decide whether or not the production of such documents should be required in any given case, the relevance of the information contained in the documents sought must be weighed against the burdensomeness of production of those documents. Dollar General, supra; McAdoo v. Ogden, 573 So.2d 1084 (Fla. 4th DCA 1991). (In the vast majority of cases, any claim of privacy as to such clearly relevant information should be found to have been relinquished by the expert's agreement to testify for remuneration. However, there might be certain rare situations when the relevance is minimal and the nature of the information sought is extremely personal. In such a case, the privacy interest of the expert should be added to the balance.)
Applying this balancing test to the documents requested below, it is apparent that the documents contain information which is extremely relevant to the credibility of petitioner's experts; and that respondents have been unable to obtain the information by other, less intrusive, means. Petitioner made no effort to establish in the trial court why it would be unduly burdensome for the experts to produce the documents requested. Like the court in Dollar General, *1143 supra, we find it "difficult to believe" that petitioner's experts would be forced to endure any significant expenditure of time or money in order to compile the documents requested. (For instance, one would expect them to have federal income tax forms 1099 reflecting income received for the services identified in the order.) Moreover, once the documents have been compiled, it will only be necessary to update them for future cases in which they are called upon to produce such information.
We conclude that the trial court properly required that the documents be produced if the experts are to testify at trial.[*] Therefore, it did not depart from the essential requirements of law. Accordingly, the petition for writ of certiorari is denied.
ERVIN and KAHN, JJ., concur.
NOTES
[*] We do not mean to suggest by this opinion that complete personal income tax returns of such expert witnesses should routinely be required to be produced. On the contrary, in most cases, the relevant information regarding a witness's income from work as an expert consultant or witness should be able to be found by reviewing only the appropriate schedule and accompanying forms 1099, and there would be no legitimate need to examine the rest of the return. In this case, we approve that portion of the trial court's order which requires production of complete tax returns because the trial court first ordered that only the portions reflecting such income be produced, and was ignored; and because the trial court has directed that the tax returns be produced for its in camera review, obviously to protect against any unnecessary intrusion into the experts' personal financial affairs.