611 So.2d 586 (1993)
Melvin YOUNG, M.D., Petitioner,
v.
Martin SANTOS, Respondent.
No. 92-2736.
District Court of Appeal of Florida, Fourth District.
January 6, 1993.
Michele I. Nelson of Paxton, Crow, Bragg, Smith & Keyser, P.A., West Palm Beach, for petitioner.
*587 Ronald V. Alvarez of Ronald V. Alvarez, P.A., West Palm Beach, for respondent.
PER CURIAM.
Petitioner, a doctor, seeks certiorari review of an order of the trial court requiring him to produce by the time of his deposition copies of bills, checks and other payment records regarding medical examinations he conducted at the request of insurance companies and law firms for a three year period, together with his tax returns for those years. We grant the petition.
This court has previously held that evidence regarding income from insurance companies or law firms generated by a doctor employed to perform an independent medical examination of a plaintiff is relevant and discoverable to prove potential bias. See McAdoo v. Ogden, 573 So.2d 1084 (Fla. 4th DCA 1991). The extent of production of documents showing that information requires a balancing of relevance of information against the burdensomeness of its production. See Crandall v. Michaud, 603 So.2d 637 (Fla. 4th DCA 1992); Wood v. Tallahassee Memorial Regional Medical Center, Inc., 593 So.2d 1140 (Fla. 1st DCA 1992). Where the witness files an uncontradicted affidavit showing that to comply with the request would be so unduly burdensome as to be oppressive, certiorari relief should be granted. Dollar General, Inc. v. Deangelis, 590 So.2d 555 (Fla. 3d DCA 1991); State Farm Mut. Auto. Ins. Co. v. Gray, 546 So.2d 36 (Fla. 3d DCA 1989).
In the instant case petitioner filed an uncontradicted affidavit that it would cost nearly $10,000 to produce the payment records requested by respondent. While the trial court ordered the payment of $400 towards such expenses, we do not deem that to be in any sense adequate to comply with Florida Rule of Civil Procedure 1.351(c) which requires payment in advance for the reasonable expense of preparation of copies. On the other hand, we do not imply that either the trial court or the respondent should be required to pay whatever is asked by the nonparty witness. However, the sum of $400 seems in no way related to the evidence before the trial court. We therefore remand for a new hearing and reassessment of the costs.
Finally, with respect to the production of the petitioner's tax returns, we do not think that petitioner relinquished his right of privacy entirely by becoming a potential witness in this litigation. Tax returns contain a multitude of sensitive information regarding the filer, most of which has no relevance to the information which may form the basis of impeachment material. We hold that appellant's overall income is not discoverable and would agree with the comments of the First District in Woods that the relevant information is the amount of income an expert receives from work as an expert consultant or witness. Id. 593 So.2d at 1143. While in Woods the court approved an in camera inspection by the trial court of the witness' tax returns, the court found it necessary because the witness had ignored other less intrusive discovery. Here, no other means of providing the information had been explored either by respondent or by the trial court. Without considering less burdensome, less intrusive methods, the trial court departed from the essential requirements of law in ordering production of the tax returns of a nonparty. See Crandall, Woods; see also Rasmussen v. South Florida Blood Service, Inc., 500 So.2d 533 (Fla. 1987), regarding the trial court's broad discretion to limit or prohibit discovery to protect the privacy of a witness or party.
We therefore grant the petition and quash the order below. We remand for further proceedings on this issue not inconsistent with our opinion.
HERSEY and DELL, JJ., concur.
WARNER, J., concurs specially with opinion.
WARNER, Judge, concurring specially.
Of late this court and other appellate courts have been bombarded with petitions for certiorari directed to similar issues of discovery of doctor's records regarding income from litigation sources. It appears *588 that a great deal of time and expense is being directed towards such collateral issues during litigation. The trial bar needs to consider whether the expense is worth the information gained. Overuse of the discovery process, increasing exponentially the cost of litigation, may end up destroying that process to the greater detriment of all litigants.
Where there is a genuine issue as to the burdensomeness of a request, the trial court should look to alternatives to the production before ordering expensive, time-consuming discovery. For instance, the trial court could require the respondent to take the deposition of petitioner or petitioner's office manager to ascertain what documents are available and how the filing system is set up. That way the respondent can narrow the request to reduce the burdensomeness and expense. The respondent could also ask the petitioner on deposition the ultimate questions, namely how much the doctor makes on IME assignments. The respondent might even accept the truthfulness of the response stated under oath. And if the answer is evasive or its truthfulness is suspect, then additional discovery would be appropriate, as was approved in Woods. However, I believe that it is imperative for the court to make an in camera inspection of a nonparty's tax returns where privacy issues are raised.