611 So.2d 620 (1993)
BISSELL BROTHERS, INC., d/b/A Fairway Pizza, Inc., a Florida corporation, and Michael D. Slomka, M.D., Petitioners,
v.
Dawn FARES and Alfred Fares, Respondents.
BISSELL BROTHERS, INC., d/b/a Fairway Pizza, Inc., a Florida corporation, and Frederick G. McFall, Jr., D.D.S., Petitioners,
v.
Dawn FARES and Alfred Fares, Respondents.
Nos. 92-02477, 92-02525.
District Court of Appeal of Florida, Second District.
January 22, 1993.
*621 Dennis P. Dore, of Dennis P. Dore, P.A., Tampa, for petitioner Bissell Bros., Stephen C. Chumbris of Mastry, Marger, Davis, Johnson, Bartlett & Lynn, P.A., St. Petersburg, for petitioner Slomka; David B. McEwen of Stolba, Verona & McEwen, P.A., St. Petersburg, for petitioner McFall.
Scott T. Borders of Clark, Charlton & Martino, P.A., Tampa, for respondents.
PER CURIAM.
The petitioners seek certiorari review of two orders of the circuit court ordering them to provide the respondents, the lower court plaintiffs, certain items of discovery. We find that, in part, the orders depart from the essential requirements of law.
In the course of discovery, the respondent, Dawn Fares was examined by two independent medical examiners, petitioners McFall and Slomka. Following the plaintiff's deposition of each doctor, the circuit court heard motions to compel and motions for protective orders. The circuit court denied the motions for protective orders and granted the motions to compel discovery of three items.
We find that the order departed from the essential requirements of law by directing Drs. McFall and Slomka to produce items that were not shown to be in existence. See e.g. Balzebre v. Anderson, 294 So.2d 701 (Fla. 3d DCA 1974). At his deposition, Dr. McFall testified that the three items he was compelled to produce, 1099 forms, appointment calendars for three years and time records on this particular case, did not exist. Dr. Slomka testified that he threw away his appointment calendars at the end of each year and therefore did not have them. A person may not be ordered to produce documents which he does not have. We quash that portion of the order.
We affirm that portion of the order that directed Dr. Slomka to produce his Internal Revenue Service 1099's for the years 1988, 1989 and 1990 provided by insurance carriers for performing independent medical examinations. Not only did Dr. Slomka agree at his deposition to produce the items, but the forms are clearly subject to discovery as reasonably calculated to lead to the discovery of relevant, admissible evidence concerning the physician's bias. See, e.g., Bliss v. Brodsky, 604 So.2d 923 (Fla. 2d DCA 1992); Wood v. Tallahassee Memorial Regional Medical Center, 593 So.2d 1140 (Fla. 1st DCA 1992); McAdoo v. Ogden, 573 So.2d 1084 (Fla. 4th DCA 1991).
Accordingly, we find that the order compelling discovery of those materials that are not in existence departs from the essential requirements of law and would cause injury that could not be remedied on direct appeal and grant the petitions as to those items. We deny Dr. Slomka's petition in so far as it concerns his financial information.
CAMPBELL, A.C.J., and HALL and THREADGILL, JJ., concur.