616 So.2d 1108 (1993)
WINN-DIXIE STORES, INC., Appellant,
v.
Darlene MILES, et al., Appellees.
No. 92-1092.
District Court of Appeal of Florida, Fifth District.
April 9, 1993.
*1109 A. Craig Cameron of Cameron, Mariott, Walsh & Hodges, P.A., Orlando, for appellant.
Bruce B. Blackwell of King & Blackwell, P.A., Orlando, for appellee Thomas Yandell, D.C.
No appearance for appellee Darlene Miles.
COBB, Judge.
This appeal concerns the propriety of an award of attorney's fees to a non-party witness/treating physician who prevailed on a motion for protective order to preclude discovery of certain documents.
On September 12, 1991, the plaintiff brought suit against Appellant Winn-Dixie Stores, Inc. ("Winn-Dixie"). Through discovery, Winn-Dixie learned that Thomas Yandell, D.C. ("Yandell") was a primary treating chiropractor of the plaintiff. As a result, Winn-Dixie filed a notice of taking deposition duces tecum directed to Yandell's records custodian and served a subpoena regarding same. The records requested therein included, among other things:
3. The availability of a list of all attorneys for whom Dr. Thomas Yandell, has recommended to his patients within twelve months prior to the date of this deposition notice and the availability of a list of all attorneys for whom Dr. Thomas Yandell, has performed medical examinations on patients represented by those attorneys ...
4. The number of patients for whom Dr. Thomas Yandell, has treated who are represented by Plaintiff's counsel within the last twelve months .. .
5. The number of patients for whom Dr. Thomas Yandell, has treated who are represented by present Plaintiff's counsel, Steven Kirschner, or other members of their firm, associates, etc.
6. The amount of time, effort, skill, expertise and expense which would be required to collect and copy medical record examination reports and bills prepared by Dr. Thomas Yandell, *1110 within the last twelve months on patients represented by counsel in general and by Plaintiff's counsel, Steven Kirschner.
7. The total gross income billed for all professional services for Dr. Thomas Yandell, for a twelve month period prior to the deposition notice. In lieu of providing a dollar figure, the person designated on behalf of the corporation may answer questions concerning income by testifying what portion of the total gross income of Dr. Thomas Yandell, during the last twelve months was generated as a result of medical examinations and what portion of the total gross income was a result of all other professional activities including treatment, depositions, court room testimony for patients represented by counsel.
8. The frequency medical examinations have been performed by Dr. Thomas Yandell, in the last twelve months on patients represented by counsel.
9. An estimate of the proximate cost of producing all medical examination reports made for any attorney as a result of any medical examination of a Plaintiff in any pending case in Central Florida within the twelve months prior to the date of this notice and copies of bills to the Plaintiff attorney, paralegal or other agent or representative of the Plaintiff attorney, paid for the examination and reports.
* * * * * *
11. For the one year period prior to the date of this deposition notice, the number of patients seen at the request of Plaintiffs' attorneys by Dr. Thomas Yandell.
Plaintiff's counsel responded to this notice by seeking a protective order. Yandell's counsel appeared specially to oppose the discovery as burdensome. After the court granted a protective order, Yandell's counsel moved for an award of attorney's fees pursuant to Florida Rules of Civil Procedure 1.280(c) and 1.380(a)(4). The trial court granted the motion on the basis that the subpoena duces tecum filed by Winn-Dixie was beyond any legitimate discovery request of a treating physician. On appeal of the foregoing order, Winn-Dixie contends that its discovery requests were permissible.
Initially, we note that an award of attorney's fees based on Rule 1.380(a)(4) is discretionary with the trial judge. Knight v. Alachua County, 396 So.2d 846 (Fla. 1st DCA 1981), rev. denied, 412 So.2d 467 (Fla. 1982). The real question, then, is whether the trial court erred in precluding the discovery sought by Winn-Dixie. Where discovery is sought from an expert witness (such as an independent medical examiner), case law suggests that the trial court must balance "the competing interests of the relevancy of the discovery information sought as impeachment information, against the burdensomeness of its production and the confidentiality interests of the doctor." McAdoo v. Ogden, 573 So.2d 1084, 1085 (Fla. 4th DCA 1991). See also Wood v. Tallahassee Memorial Regional Medical Center, Inc., 593 So.2d 1140 (Fla. 1st DCA 1992); Dollar General, Inc. v. Deangelis, 590 So.2d 555 (Fla. 3d DCA 1991).
In balancing these interests, it is apparent that the type of information sought in the instant case could be highly relevant in that it might tend to establish bias on Yandell's part if a significant part of his income is derived from plaintiffs' attorneys. However, the record contains no contention that Winn-Dixie has any information whatsoever that this is the case. Absent some sort of basis for suspecting that Yandell is biased, Winn-Dixie should not be allowed to engage in an extensive fishing expedition which may prove worthless. In McAdoo, the court noted that the party seeking discovery contended that "a significant part of the doctor's income is derived from insurance company business." Winn-Dixie has made no such contention in this case, and this fact necessarily limits the weight this court should give to relevance in the balancing test explained above.
Regarding the weight to be given to Yandell's confidentiality interests, the Wood court noted that expert witnesses essentially relinquish their privacy rights when they agree to testify for remuneration. *1111 Wood at 1142. This reasoning makes sense when one considers that expert witnesses inject themselves into litigation and, by so doing, impliedly waive any right to object to invasive discovery requests designed to reveal bias. In the instant case, however, Yandell is not an expert witness. Rather, he is the plaintiff's treating physician. He did not choose to participate in this litigation but merely agreed to treat a patient who sought out his services. As the treating physician, Yandell did not waive any confidentiality concerns, and they should be given substantial weight in the balancing test.
The last element of the balancing test concerns the burdensomeness of production of the information sought. On this issue, Yandell filed a detailed affidavit explaining that he would have to read every opened and closed file ever maintained in his office (over 500) in order to comply with Winn-Dixie's discovery request. Winn-Dixie filed no document refuting this contention. In Dollar General, the court held that where an affidavit establishing a prima facie case of oppressiveness is unrefuted, an order requiring compliance with the request is error. Because Yandell's affidavit establishing that compliance would be overburdensome was unrefuted, based on Dollar General, Yandell was entitled to the protective order he sought.
Because Winn-Dixie failed to provide any basis or even a contention that it suspected Yandell was biased in favor of plaintiffs, the potential relevancy of the information its discovery request may uncover is questionable. When this relevance is balanced against Yandell's concern for confidentiality and his unrefuted assertion that production of the information requested would be overburdensome, the scales tip rather heavily in Yandell's favor. The trial court was fully justified in granting Yandell's motion for protective order. Moreover, despite Winn-Dixie's contention that it relied on the recent decisions in Wood, McAdoo, and Dollar General as permitting plaintiff's counsel to acquire sensitive financial information, these cases all dealt with expert witnesses, not treating physicians. Winn-Dixie's heavy reliance on these cases was unwise, and the trial court did not abuse its discretion in determining that Winn-Dixie's opposition to the motion was unjustified, thereby warranting an award of attorney's fees.
Regarding Winn-Dixie's contention that Yandell was not "a moving party" as required by Rule 1.380(a)(4) and therefore is not entitled to attorney's fees, this argument is not persuasive. Yandell's lawyer asserts in his answer brief that he did make a motion for protective order, which motion was made ore tenus at the hearing on plaintiff's motion regarding same. Winn-Dixie does not deny this assertion in its reply brief but merely states that nothing in the record indicates such a motion was made. While this may be true, Winn-Dixie, as appellant, has a duty to provide any record it deems necessary to support its arguments on appeal. Fla.R.App.P. 9.200(e). Winn-Dixie relies solely on its own failure to provide the transcript of the hearing in order to show that no such motion was made. Winn-Dixie has not suggested that a court reporter was present at the hearing, and Yandell represents that there was none. See Fla.R.App.P. 9.200(f)(2); Thomas v. Thomas, 498 So.2d 668 (Fla. 5th DCA 1986).
AFFIRMED.
W. SHARP, J., and SANDERS, E.P.B., Associate Judge, concur.