617 So.2d 429 (1993)
Reda ABDEL-FATTAH, Petitioner,
v.
Renee TAUB, Respondent.
No. 93-0085.
District Court of Appeal of Florida, Fourth District.
April 28, 1993.
*430 Richard E. Tullie of Tullie & Utrecht, Boca Raton, for petitioner.
Mark Perlman of Perlman & Perlow, P.A., Hallandale, for respondent.
PER CURIAM.
Petitioner is a non-party medical expert who seeks certiorari review of a trial court order compelling him to attend a deposition and to provide information as to other insurance company/defense counsel-requested examinations done by him within one (1) year prior to deposition. Despite petitioner's unrebutted affidavit as to the burden and cost of producing such information, as well as the breach of patient confidentiality, the trial court provided only that it would set an expert witness fee for Dr. Abdel-Fattah after the deposition.
This court has previously considered such orders as appropriate for certiorari review. Crandall v. Michaud, 603 So.2d 637 (Fla. 4th DCA 1992); Young v. Santos, 611 So.2d 586 (Fla. 4th DCA 1993). We have indicated that the trial court must undertake a balancing analysis between the plaintiff's right to seek relevant evidence, the cost and burden placed on the examining physician to compile the evidence sought, and the confidentiality rights of other non-party patients. See McAdoo v. Ogden, 573 So.2d 1084 (Fla. 4th DCA 1991).
We have determined that the order here on review constitutes a departure from the essential requirements of law, and since Dr. Abdel-Fattah is not a party, plenary appeal would not be available to him. We grant the petition and quash the order entered below. We remand to the trial court to determine a reasonable cost for Dr. Abdel-Fattah to compile the information contemplated by the December 10, 1992 order, to make provisions for payment of such cost prior to the doctor's deposition (see Florida Rule of Civil Procedure 1.351(c)), and to provide for protection of the confidentiality of other non-party patients (i.e., by "whiting out" their names and addresses on any documents or affidavits produced). Young v. Santos, 611 So.2d 586 (Fla. 4th DCA 1993).
CERTIORARI GRANTED.
ANSTEAD, GUNTHER and POLEN, JJ., concur.