624 So.2d 788 (1993)
Wendy LeJEUNE, Jon Mark Lejeune, Salvador Ramirez, M.D., and U.S. Security Insurance Company, Petitioners,
v.
Cynthia AIKIN and Neil Schaich, Respondents.
No. 93-1362.
District Court of Appeal of Florida, Third District.
September 21, 1993.
Michael A. Nuzzo, Kubicki, Draper, Gallagher & McGrane and David B. Pakula, Miami, for petitioners.
Kurzban, Kurzban & Weinger and Jonathan Morton, Miami, for respondents.
Before SCHWARTZ, C.J., and HUBBART and JORGENSON, JJ.
*789 PER CURIAM.
This is a petition for a writ of certiorari filed by (a) the defendant Wendy and Jon LeJeune in a negligence action arising out of an automobile accident, (b) an orthopedic surgeon Dr. Salvador Ramirez, hired by the defendants in this action to examine the plaintiff, Cynthia Aikin, and (c) U.S. Security Insurance Company, the defendants' automobile insurance carrier below. The petition seeks review of two orders compelling the discovery of certain records from Dr. Ramirez and U.S. Security Insurance Company. The petitioners claim that compliance with these orders is unduly burdensome and that such orders invade the privacy rights of Dr. Ramirez' patients. We entirely agree and, accordingly, grant the subject petition and quash the orders under review.
One of the orders before us compels Dr. Ramirez (1) to create "detailed records" in his office from the day following the court's order to the date of trial "determining the source of Dr. Ramirez' Professional Association's fees for professional services and the amounts of same for acting as an IME and/or expert witness," which records "shall be provided [to plaintiff's counsel] every 30 days until trial"; and (2) to "[a]llow plaintiff's counsel with a court designated party ... to review the last 3 years of Dr. Ramirez' records by randomly selecting up to 500 files per year to determine if any [IME] report remains in said file and if so whether said report was addressed to attorneys and/or insurance carriers." Although there is case authority authorizing the discovery of the income sources of IME physicians in personal injury cases under certain limited circumstances,[1] there is no authority requiring an IME physician to create in futuro records in his office, as here, which he/she did not keep prior to the order. Nor is there any authority for a plaintiff's counsel to conduct an audit of an IME physician's patient files without any notice to or consent of the patients involved, as here, because such an audit clearly violates the statutory confidentiality of said files. Section 455.241(2), Fla. Stat. (Supp. 1992).
The other order under review compels U.S. Security Insurance Co. "to provide within 10 days ... any supporting documents showing the amounts of monies it has paid IME and specifically the amount it has paid IME Dr. Salvador Ramirez for the past 3 years... ." As established by the testimony of U.S. Security's representative below, a record is kept by U.S. Security as to the total amounts of monies paid in professional fees, but no records are kept as to whom such money is paid and for what year. Clearly, a trial court has no authority to order the discovery of nonexistent records. See Bissell Bros. v. Fares, 611 So.2d 620 (Fla. 2d DCA 1993); Balzebre v. Anderson, 294 So.2d 701 (Fla. 3d DCA 1974).
The petition for a writ of certiorari is granted, the orders under review are quashed, and the cause is remanded to the trial court for further proceedings.
It is so ordered.
HUBBART and JORGENSON, JJ., concur.
SCHWARTZ, Chief Judge (specially concurring).
I entirely agree with the decision to quash the orders below. I wish to indicate, however, my concern that the decisions in this field, including Dollar General, Inc., v. Deangelis, 590 So.2d 555 (Fla. 3d DCA 1991) and Trend South, Inc. v. Antomarchy, 623 So.2d 815 (Fla. 3d DCA 1993), have gone much too far in permitting inquiry into the private financial affairs of the physicians in question. See Trend South, 623 So.2d at 816 (Jorgenson, J., dissenting). In my view, the intrusiveness of this type of discovery greatly outweighs its alleged value. The information serves only to emphasize in wholly unnecessary detail what everyone knows to be the case and what would be apparent to the jury on the *790 simplest cross-examination: that certain doctors are consistently chosen by a particular side in personal injury cases to testify on its respective behalf. See generally Breedlove v. State, 580 So.2d 605, 609 (Fla. 1991) ("Evidence of bias may be inadmissible if it unfairly prejudices the trier of fact against the witness or misleads the trier of fact. Therefore, inquiry into collateral matters, if such matters will not promote the ends of justice, should not be permitted if it is unjust to the witness and uncalled for by the circumstances."). I tend to believe therefore that our courts have misbalanced "the competing interests that would be served by granting discovery or by denying it," Rasmussen v. South Florida Blood Service, Inc., 500 So.2d 533, 535 (Fla. 1987), with the possible result that the discovery process is being used improperly as a tool to force particular doctors from becoming involved in the judicial process at all or to extract settlements in individual cases. If appropriately presented with the issue in the future, I would reexamine the correctness of these decisions.
NOTES
[1] Abdel-Fattah v. Taub, 617 So.2d 429 (Fla. 4th DCA 1993); Crandall v. Michaud, 603 So.2d 637 (Fla. 4th DCA 1992); Wood v. Tallahassee Memorial Regional Medical Ctr., Inc., 593 So.2d 1140 (Fla. 1st DCA), rev. denied, 599 So.2d 1281 (Fla. 1992); Dollar General, Inc. v. Deangelis, 590 So.2d 555 (Fla. 3d DCA 1991); McAdoo v. Ogden, 573 So.2d 1084 (Fla. 4th DCA 1991); State Farm Mut. Auto. Ins. Co. v. Gray, 546 So.2d 36 (Fla. 3d DCA 1989).