KLEIN, Judge.
Plaintiffs, in a suit arising out of an automobile accident, obtained discovery orders which require employees of defendant corporations to disclose their income from, and their percentage of ownership in, defendant corporations, on the ground that it could show bias. We conclude that requiring the disclosure of witnesses’ income from and ownership in the corporations under these circumstances violates their privacy rights. Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, P.A. v. Mullin, 602 So.2d 955 (Fla. 3d DCA 1991), and cases cited therein.
Plaintiffs rely on cases which require physicians who are retained by insurance companies or law firms for the purpose of performing independent medical examinations to reveal income from those insurance companies or law firms. See McAdoo v. Ogden, 573 So.2d 1084 (Fla. 4th DCA 1991). Those cases are distinguishable. Here, the persons ordered to disclose the financial information are witnesses to the facts surrounding the accident or the relationship between the defendant corporations. They have become witnesses by virtue of their employment, not, as in the case of an expert, by agreeing to testify in return for payment. As two of our sister courts have concluded, when the expert agrees to testify for remuneration, the claim of privacy is relinquished. Wood v. Tallahassee Memorial Regional Medical Center, Inc., 593 So.2d 1140 (Fla. 1st DCA), rev. denied, 599 So.2d 1281 (Fla.1992). See also Winn Dixie Stores Inc. v. Miles, 616 So.2d 1108 (Fla. 5th DCA 1993).
We therefore grant certiorari and quash the order requiring the production of salaries and percentage interests in defendant corporations by witnesses. We deny certiorari as to the order requiring defendant cab driver to reveal financial information pertaining to his relationship with defendants because it is relevant to the issue of whether he is an employee or an independent contractor.
HERSEY, J., concurs.
GUNTHER, J., dissents without opinion.