## CIRCUIT COURT OF FAIRFAX COUNTY

Carol J. Mayfield

v.

State Farm
Mutual Auto Ins. Co.

April 17, 1996

Case No. (Law) 145023

By Judge Stanley P. Klein

This matter is before the Court on the motion of Plaintiff, Carol J. Mayfield, to compel Defendant State Farm Mutual Auto Insurance Co. to answer certain interrogatories and to provide certain documents requested in Plaintiff's Interrogatories and Request for Production of Documents.[1] The remaining issue for the Court to analyze relates to the scope of permissible discovery concerning State Farm's prior dealings with the organization which performed a review of the "reasonableness" and "necessity" of certain medical bills claimed by Mayfield under the Medical Expense Benefits section of her automobile insurance policy with State Farm. For the reasons that follow, the motion to compel is granted, subject to the conditions set out in this letter opinion.

On December 30, 1992, Mayfield was involved in an automobile accident in which she claims she was injured. She was treated by Dr. James A.

---

[1] The Court ruled from the bench that State Farm should supplement its responses to document requests 13, 16, 17, 18, and 19 to assert, consistent with Ms. Judkins' representations at the hearing, that all requested documents in its possession, custody, or control, responsive to each of these requests, have been turned over to counsel for Plaintiff. In addition, consistent with Ms. Judkins' representation, Defendant should supplement its response to interrogatory # 8 to assert the lack of any general "policy" of State Farm which limits the discretion of its adjusters and their immediate supervisors in their handling of these claims.

Johnsen at the Center for Physical Medicine at Skyline for her alleged injuries. Sometime after the accident, she notified State Farm of the accident and her injuries and made a claim for reimbursement of her medical expenses pursuant to the terms of the Medical Expense Benefits section of her automobile insurance policy. In December of 1994, State Farm requested that Mayfield be examined by Dr. James R. Malcolm of the Professional Evaluation Group (PEG). Mayfield consented to the examination and was seen by Dr. Malcolm on December 22, 1994. On January 6, 1995, State Farm requested that Dr. Malcolm provide it with a report of his evaluation and his findings. On February 7, 1995, based at least in part on Dr. Malcolm's report, State Farm denied payment for all services rendered by Dr. Johnsen.

In her Motion for Judgment, Mayfield claims that State Farm breached its contract of insurance with her by failing to pay for the services rendered by Dr. Johnsen and that State Farm acted in "bad faith" in denying coverage. Based upon State Farm's alleged "bad faith," Mayfield seeks recovery of her attorney's fees and costs pursuant to § 38.2-209 of the Code of Virginia.

On October 24, 1995, Mayfield forwarded interrogatories and a request for production of documents to counsel for defendant. Within twenty-one days, State Farm provided the following responses to Interrogatories 2, 3, and 4:

> 2. State the number of individuals that you have sent to be examined by The Professional Evaluation Group each year for 1993, 1994, and to date in 1995. Of these individuals, how many did The Professional Evaluation Group and/or physicians associated with The Professional Evaluation Group recommend that coverage be reduced, limited, or denied?
>
> *Answer*: Objected to as overly broad and seeking information which is neither relevant nor designed to lead to any admissible evidence. Without waiving objection, the use of the company Professional Evaluation Group is pursuant to Insurance Regulations 37 promulgated under the applicable statutory provisions of the Virginia Code concerning adjustment, handling of medical expense coverage claims or medical payment claims. We do not know the number of individuals sent to be examined by the Professional Evaluation Group for the years requested, and we do not know the answer to the second half of the Interrogatory. No such records are maintained.

3. Of all the individuals you sent to be examined by The Professional Evaluation Group from 1993 through the present, how many individual's coverage or claim has been limited, reduced, or denied?

*Answer*: See response to Interrogatory No. 2 which is incorporated herein in its entirety.

4. How much have you paid, for whatever reason, to The Professional Evaluation Group each year for 1993, 1994, and to date in 1995?

*Answer*: Objected to as overly broad, seeking information which is neither relevant nor designed to lead to any admissible evidence; and it is not possible based on records available to give a relevant and reasonable answer to this inquiry.[2]

The issue of the right to, and scope of, discovery of an insurer's prior dealings with a "private review agent" appears to be an issue of first impression in the Commonwealth. State Farm advances four separate arguments to support its objections to these interrogatories: (1) Va. Code § 38.2-5300 and Regulation 37 (Rules Governing Private Review Agents) authorize use of PEG as a "private review agent," thereby precluding a finding of "bad faith" based upon evaluations done by PEG employees; (2) Mayfield's "bad faith" claim is premised upon an alleged pattern or practice and is therefore not actionable, as Va. Code § 38.2-510 creates no private cause of action; (3) Mayfield's allegations of "bad faith" do not fall within any of the limited bases for "bad faith" recognized by the Supreme Court in *CUNA Mutual Insurance v. Norman*, 237 Va. 33 (1989); and (4) the interrogatories are overbroad because PEG provides services to State Farm in addition to the type of "utilization review" evaluation done here by Dr. Malcolm. The Court will address each of these arguments.

Va. Code § 38.2-5308 establishes that the General Assembly's enactment of Chapter 53 of the Code (Private Review Agents) did not create a private cause of action in favor of any person against a private review agent such as Dr. Malcolm. In addition, State Farm is correct that Va. Code § 38.2-510 does not provide a basis for a private right of action in tort. *A and E Supply Co. v. Nationwide Mut. Fire Ins. Co.*, 798 F.2d 669 (4th Cir. 1986). However, neither of these sections preempts the plaintiff's claim

---

[2] At oral argument, Mayfield agreed to limit the scope of the interrogatories to calendar year 1994.

herein. Va. Code § 38.2-209 authorizes a recovery of attorney's fees and costs, upon a finding that the insurer did not act in good faith "[n]otwithstanding any provision of law to the contrary . . . ." *Id.*

State Farm's argument that Mayfield's claim for attorney's fees and costs is precluded by the decision in *CUNA Mutual Ins. v. Norman* is not convincing. In *Norman*, the Supreme Court stated:

> A bad-faith analysis *generally* would require consideration of *such questions as* whether reasonable minds could differ in the interpretation of policy provision defining coverage and exclusions; whether the insurer had made a reasonable investigation of the facts and circumstances underlying the insured's claim; whether the evidence discovered reasonably supports a denial of liability; whether it appears that the insurer's refusal to pay was used merely as a tool in settlement negotiations; and whether the defense the insurer asserts at trial raises an issue of first impression or a reasonably debatable question of law or fact. [Emphasis supplied.]

*Id.* at 38. The *Norman* Court did not limit the bad faith analysis under § 38.2-209 solely to those situations enumerated in its opinion.

Finally, the Court rejects State Farm's position that interrogatories 2, 3, and 4 are overbroad. Parties may request discovery of any matters which are either relevant themselves or reasonably calculated to lead to the discovery of admissible evidence. Va. Sup. Ct. Rule 4:1(b)(1). The information sought by plaintiff is properly discoverable for two reasons. First, it could establish a basis for the trier of fact to determine that PEG and Dr. Mayfield are biased in favor of State Farm. *See Young v. Santos*, 611 So. 2d 586, 587 (Fla. App. 4 Dist. 1993). Second, it could lead to the discovery of information establishing "bad faith." This Court holds that the denial of coverage by an insurer based in whole, or in large part, on an evaluation by a private review agent, who the insurer knows or has substantial reason to know is so biased in favor of the insurer that the evaluation may lack a reasonable degree of professional objectivity, can constitute "bad faith" under § 38.2-209 of the Virginia Code.

The need for this requested discovery must be weighed, however, against the expense of its production. Rule 4:1(b)(1)(a)(iii). The sum paid to PEG in calendar year 1994 should be readily available to State Farm, but the compilations sought in interrogatories 2 and 3 may require substantial effort by State Farm's employees. Consequently, State Farm may

file an affidavit setting out the anticipated time and cost involved for its employee(s) to review the appropriate files to answer these two interrogatories. State Farm will thereafter be required to provide answers to interrogatories 2 and 3 only upon receiving appropriate assurance from counsel for the plaintiff that the reasonable fee to be charged by State Farm for the compilation will be paid. If the parties are unable to agree on a reasonable fee, they may schedule an evidentiary hearing on a Friday motions day for this Court to set a reasonable fee.

Accordingly, plaintiff's motion to compel is granted, subject to payment of the reasonable costs that State Farm will incur in answering interrogatories 2 and 3.