402 So.2d 532 (1981)
Hubert POWELL and Carolina Casualty Insurance Company, a Florida Corporation, Petitioners,
v.
L.B. WINGARD; Emmco Insurance Company; Archie Rushin, Jr.; and Ryder Truck Lines, Inc., Respondents.
No. 81-828.
District Court of Appeal of Florida, Fifth District.
August 19, 1981.
*533 J. Lester Kaney of Cobb & Cole, P.A., Daytona Beach, for petitioners.
No Appearance for respondent.
COWART, Judge.
Petitioners and respondents are parties in an automobile accident negligence case. As the consequence of respondents attempting to depose petitioners' accident reconstruction expert before he had formed his opinion and conclusion based on his investigation, the trial court entered an order imposing sanctions totaling $600 in attorney's fees and $154 in costs and ordered petitioner Carolina Casualty Insurance Company to pay those sums within 30 days "or their pleadings will be stricken."
Petitioners seek a writ of certiorari to quash this interlocutory order arguing: (1) that petitioners did not induce or cause the other parties to prematurely attempt to depose its expert witness, (2) that petitioner neither failed to comply with any order of court nor did, nor failed to do, any other act justifying the imposition of sanctions authorized under Florida Rule of Civil Procedure 1.380(b)(2)(C) and (F), (3) that petitioner must either pay or suffer its meritorious defensive pleadings to be stricken, and (4) that by certiorari this court should review and quash a trial court order that does not conform to the essential requirements of law where review by plenary appeal from a final judgment would not provide adequate or meaningful relief. Without expressing an opinion as to the correctness of the trial court order sought to be reviewed we deny certiorari for the reason that we do not believe that it is essential to the integrity of our legal system that all claimed interlocutory errors of trial courts be immediately reviewable by an appellate court nor do we believe that the trial court's error, if any, in this instance will constitute irreparable injury to petitioner which is not subject to adequate redress by plenary appeal from a final judgment. As a practical matter, even the erroneous requirement that petitioner pay $754 in order to continue to participate in the trial proceedings until final judgment should not overtax petitioner's financial ability nor cause it irreparable injury. Albeit a Hobson's choice, petitioner does have a choice: pay and participate or decline and, if its pleadings are stricken, *534 appeal after entry of final judgment. If the trial court does wrongfully strike petitioner's pleadings that error will doubtless be correctable by a reversal and the time and expense of the appeal and new trial will be equally suffered by respondents. See Ford Motor Co. v. Edwards, 363 So.2d 867 (Fla. 1st DCA 1978). The certiorari jurisdiction of district courts of appeal to review non-final orders of lower tribunals under Florida Rule of Appellate Procedure 9.030(b)(2)(A) is not for the purpose of providing a review of each and every non-final order which is not reviewable by appeal under Florida Rule of Appellate Procedure 9.030(b)(1)(B) and 9.130(a)(3). Although admittedly there are many cases taking a more liberal view as to the scope of review by certiorari, the use of that extraordinary writ to review interlocutory orders relating to discovery matters is most appropriate when used to review orders allegedly improperly compelling discovery. See, e.g., Insurance Company of North America v. Noya, 398 So.2d 836 (Fla. 5th DCA 1981); Central Florida Skates, Inc. v. Thomas, 393 So.2d 1200 (Fla. 5th DCA 1981); Palmer v. Servis, 393 So.2d 653 (Fla. 5th DCA 1981); State v. Dolen, 390 So.2d 407 (Fla. 5th DCA 1980). As to certiorari and interlocutory orders generally, see The Hawaiian Inn of Daytona Beach, Inc. v. Snead Construction Corp., 393 So.2d 1201 (Fla. 5th DCA 1981).
THE PETITION FOR WRIT OF CERTIORARI IS DENIED.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.