410 So.2d 569 (1982)
Sally MALONE, Appellant,
v.
Cecil G. COSTIN, Jr., and Wife Margaret M. Costin and Thomas S. Gibson, Appellees.
No. AB-69.
District Court of Appeal of Florida, First District.
February 11, 1982.
Rehearing Denied March 16, 1982.
*570 Sally Malone, pro se.
Cecil G. Costin, Jr., Port St. Joe, for appellees.
WIGGINTON, Judge.
This is an appeal of an interlocutory order of the lower court granting appellees, defendants below, attorney's fees and costs on their motion to compel discovery. Because the order of the lower court is not a nonfinal order which may be reviewed by an interlocutory appeal under rule 9.130, Florida Rules of Appellate Procedure, we hold that this appeal has been improvidently taken. Moreover, although this Court may regard such an appeal as a petition for common law writ of certiorari, Hope v. City of Gainesville, 355 So.2d 1172 (Fla. 1977), we decline to do so.
The common law writ of certiorari provides a remedy only where the petitioner has met the heavy burden of showing that a clear departure from the essential requirements of law would otherwise result in irreparable harm. Because of this burden of proof, it is extremely rare that erroneous interlocutory rulings can be corrected by resort to common law certiorari. It is anticipated that since only the most urgent interlocutory orders are appealable under rule 9.130, Florida Rules of Appellate Procedure, there will be very few cases where common law certiorari will provide relief. See Committee Notes, Fla.R.App.P. 9.130; and also Taylor v. Board of Public Instruction of Duval County, 131 So.2d 504 (Fla. 1st DCA 1961).
In Kilgore v. Bird, 149 Fla. 570, 6 So.2d 541 (1942), the Florida Supreme Court held that interlocutory orders could be reviewed by common law writ of certiorari when no other adequate remedy would be offered by law. The court reasoned that an appeal would afford an inadequate remedy where discovery had been wrongfully granted. See also Boucher v. Pure Oil Co., 101 So.2d 408 (Fla. 1st DCA 1957); Meiklejohn v. American Distributors, Inc., 210 So.2d 259 (Fla. 1st DCA 1968); West Volusia Hospital Authority v. Williams, 308 So.2d 634 (Fla. 1st DCA 1975).
Such is clearly not the situation here, albeit "petitioner," Ms. Malone, is faced with a Hobson's choice: pay and participate or decline and, if her action is dismissed under rule 1.420(b), Florida Rules of Civil Procedure, appeal after entry of final judgment. Powell v. Wingard, 402 So.2d 532 (Fla. 5th DCA 1981). The mere fact that compliance with the court's order will be costly is not, in and of itself, a ground for valid objection. Goodyear Tire & Rubber Co. v. Cooey, 359 So.2d 1200 (Fla. 1st DCA 1978); Ford Motor Co. v. Edwards, 363 So.2d 867 (Fla. 1st DCA 1978).
Accordingly, the petition for writ of certiorari is denied.
ROBERT P. SMITH, Jr., C.J., and JOANOS, J., concur.