GLICKSTEIN, Judge.
Petitioner alleges he was accidentally thrown and struck by a go-cart he was operating at Grand Prix Race-O-Rama, an amusement go-cart raceway. He claims his back and penis were injured, leaving him wholly or partially impotent. During his deposition, petitioner said that in 1972 or 1973 he had been arrested for and charged with exposing himself and that, as a result, he underwent a psychiatric evaluation in New Jersey by Ignacy Stark.
During the deposition of the medical record custodian in New Jersey, Dr. Stark’s three page medical report was received and sealed as privileged. Respondents moved for determination of petitioner’s claim of a psychotherapist-patient privilege under section 90.503, Florida Statutes (1979). The trial court concluded petitioner had put into issue a claim of physical and mental impotency making the privilege inapplicable and ordered that respondents be allowed access to these records.
Petitioner, after becoming aware that respondents’ counsel had obtained a copy of Stark’s report, filed a petition with this court for a writ of certiorari to quash the trial court’s order. Petitioner led us to believe opposing counsel did not have a copy of the report, not only by specifically suggesting that respondents should apply to the trial court for an in-camera inspection of the report, but also by asserting that it had been sealed at the deposition without disclosing that the clerk later had unsealed it. Neither did petitioner mention that medical reports other than Stark’s existed, a fact of which we were informed later.
We required a response to the petition in an order based upon petitioner’s allegations.[1] The response revealed that *130 petitioner’s counsel had actual knowledge when he filed the petition that his opponent had a copy of Stark’s report. Petitioner filed the following reply:
It is accurate that counsel for Petitioner was aware of the fact that counsel for Defendants were in possession of a copy of the subject psychiatric records at the time the Petition for Writ of Common Law Certiorari was filed before this Court, but such Petition had been essentially completed by the time Petitioner’s counsel was advised of such fact and discussions were being undertaken by counsel for both parties to the end of preventing further dissemination of the subject report until a ruling could be obtained by this Court.
(emphasis added.) We find this explanation totally unsatisfactory particularly when joined by the failure in the petition to inform this court of the existence of additional medical reports.
Petitioner attempted to misdirect this court’s energies by not presenting matters as they actually existed, for even he acknowledged in his reply that in some respects his petition with regard to Stark’s report was moot. Concurrent with this acknowledgment he urges us to decide the applicability of his psychotherapist-patient privilege to whatever other medical reports may appear in this case. We find this to be a premature request involving a totally new and different matter which, if ever it arises, the trial court should have an opportunity to address.
In view of the foregoing, respondents filed a motion for attorney’s fees in this proceeding pursuant to section 57.105, Florida Statutes (1981). Recently we held that when a suit is “devoid of a justiciable issue of either law or fact ... the statute’s [section 57.105] provision is operative and requires an award of a reasonable attorney’s fee.” Galbraith v. Inglese, 402 So.2d 574 (Fla. 4th DCA 1981). Since we find the petitioner’s petition moot as to one issue and premature as to the other, we grant respondents’ motion, T.I.E. Communications, Inc. v. Toyota Motors Center, Inc., 391 So.2d 697 (Fla. 3d DCA 1980), and order petitioner be assessed $750 dollars as attorney’s fees in favor of respondents.
PETITION FOR WRIT OF CERTIORA-RI DENIED.
LETTS, C. J., and WALDEN, J., concur.

. Our order provided as follows:
Respondents shall file their response to the petition filed herein within ten days in which they shall address, in addition to those matters which they consider to be relevant, the specific issue of whether an order should be entered directing the trial court to conduct an in-camera examination of the subject psychiatric report, together with copies of such testimony and medical reports upon which petitioner relies to establish any emotional distress to which his petition refers, prior to disclosure of the contents of the psychiatrist’s report to respondents.
*130 Petitioner shall file his reply ten days thereafter.