DOWNEY, Judge.
By a notice of appeal appellant, acting pro se, seeks review of a discovery order *1289 entered on March 25, 1985, imposing upon him the sanction of an attorney’s fee for failure to proceed in the taking of certain depositions that he had scheduled.
The order in question is not subject to a non-final appeal under Florida Rule of Appellate Procedure 9.130, but the matter can be considered as a petition for writ of cer-tiorari. Malone v. Costin, 410 So.2d 569 (Fla. 1st DCA 1982). In Malone, certiorari was denied because the court determined that the second aspect of the rule authorizing certiorari review of nonfinal orders, i.e., irreparable injury irremediable on plenary appeal, did not exist in that ease. However, in the present case, not only did the trial court impose the sanction of an attorney’s fee, it also prohibited petitioner from taking any additional depositions until the sanction was paid. That aspect of the order, in our judgment, warrants the granting of certiorari review because the harm caused, if any, cannot necessarily be rectified on plenary appeal. However, upon consideration of the merits of the case, we deny the petition for writ of certiorari.
Petitioner’s brief, such as it is, also seeks reversal of another order entered below on May 15, 1985, in which the trial court refused petitioner’s motion to impose sanctions on the attorney for one of the respondents. That order was entered after this “appeal” was already pending.[1] Petitioner failed to properly seek review of that order and it is not now subject to review.
HURLEY and BARKETT, JJ., concur.

. The notice of appeal from the March 25, 1985, discovery order was filed April 23, 1985.