834 So.2d 883 (2002)
Jerome S. RYDELL, et al., Petitioners,
v.
Gorham RUTTER, Jr., et al., Respondents.
No. 5D02-3280.
District Court of Appeal of Florida, Fifth District.
December 6, 2002.
Richard E. Whitaker and Jack W. Shaw, Jr., P.A., of Motes and Carr, P.A., Orlando, and Joseph H. Spiegel of Joseph H. Spiegel, P.C., Ann Arbor, MI, for Petitioners.
Kenneth D. Morse, Orlando, for Respondent Gorham Rutter, Jr. *884 Philip J. Snyderburn and William M. Rishoi of Snyderburn, Rishoi & Swann, Orlando, for Respondents Snyderburn, Rishoi & Swann and K. Michael Swann.
PLEUS, J.
The plaintiffs seek certiorari review of a pre-trial order finding that the defendants were entitled to attorney's fees and costs as a result of the plaintiffs' misconduct during discovery. We deny the petition.
Plaintiffs filed suit in 1999. Defendants served discovery requests in March of 2000, and the plaintiffs, after failing to comply with discovery, were ordered by the court to comply fully with the requests by May 4, 2000. Plaintiffs failed to adequately answer interrogatories or provide the requested documents by May 4, 2000, and defendants filed a motion to dismiss.
The trial court dismissed the action with prejudice as a sanction against the plaintiffs for their misconduct in discovery. On appeal, this court agreed with the trial court that the plaintiffs had not fully complied with the lower court's discovery order. Nevertheless, we reversed the order of dismissal, holding that the lower court should have devised sanctions short of the ultimate sanction of dismissal. See Surf Tech International, Inc. v. Rutter, 785 So.2d 1280 (Fla. 5th DCA 2001).
On remand to the trial court, the plaintiffs continued to disregard the court's discovery order, not complying with the discovery requests until August, 2002, after defendants filed a motion for a stay and for attorney's fees and costs. The trial court found that the plaintiffs' continuing disregard of the trial court's order rose to the level of bad faith, willful disregard and gross indifference towards the judiciary. The court also noted that those who initiated the amended complaint committed a fraud on the court by listing two corporations as plaintiffs, even though the individual plaintiffs were never officers, directors, or shareholders of those corporations. The two spurious plaintiff corporations were not dropped as parties until after 26 months had lapsed from the filing of the amended complaint. The court ruled that defendants were entitled to attorney's fees and costs as a result of the plaintiffs' misconduct. The court further ordered that it would hold a hearing in the near future to determine the amount of the attorney's fees and costs, and that the case would be stayed until the attorney's fees and costs were determined and then paid in full.
Plaintiffs now seek certiorari review, claiming that the trial court departed from the essential requirements of law. The plaintiffs assert that the court erred in staying the proceedings, and erred in finding that the plaintiffs acted in bad faith and committed a fraud upon the court.
We conclude that certiorari review of the pretrial order is inappropriate at this time. Under review is a pre-trial order determining that an award of attorney's fees to the defendants should be made. The determination that an award of fees is appropriate does not in itself demonstrate material harm or irreparable injury. The ultimate monetary amount of the sanction could be an important factor in determining if there is material harm resulting in irreparable injury. Although the plaintiffs argue that they will suffer material harm as a result of the court-ordered stay, this argument is not convincing as the record shows the plaintiffs have unnecessarily delayed the case by their own discovery misconduct.
In Avril v. Civilmar, 605 So.2d 988 (Fla. 4th DCA 1992), the trial court imposed pre-trial sanctions against defendants in a civil action for failure to negotiate in good faith during court-ordered mediation. The fourth district held that certiorari review *885 was appropriate because the order imposing sanctions in the form of attorney's fees and costs had immediate effect and was not conditioned on the outcome of the case. The court found that the order of sanctions constituted a departure from the essential requirements of law because the only basis for sanctions was the defendants' unwillingness to make a satisfactory offer of settlement. Similarly, in Tuccicaselli v. Greene, 474 So.2d 1288 (Fla. 4th DCA 1985), a trial court imposed attorney's fees as a sanction for failing to take a deposition that had been scheduled. The fourth district held that certiorari review was proper as the trial court had prohibited the petitioner from taking any additional depositions until the sanction was paid.
A more restrictive view of certiorari as a remedy for pre-trial sanctions was expressed in Malone v. Costin, 410 So.2d 569 (Fla. 1st DCA 1982). In Malone, the first district held that an interlocutory order granting attorney's fees and costs on a motion to compel discovery was not a non-final order which could be reviewed by appeal or certiorari. The first district noted that when seeking a writ of certiorari, petitioner has a heavy burden of showing that there was a clear departure from the essential requirements of law which would result in irreparable harm. The first district stated that even if compliance with a court order is costly, that in and of itself would not provide a basis for certiorari review.
In Powell v. Wingard, 402 So.2d 532 (Fla. 5th DCA 1981), this court was asked to review by certiorari a pre-trial order imposing sanctions totaling $600 in attorney's fees and $154 in costs, and directing the petitioner to pay such sums within thirty days or have its pleadings stricken. We observed that it was not essential to the integrity of the legal system that all alleged interlocutory errors of the trial court be immediately reviewable by an appellate court. This court found that the trial court's error, if any, would not overtax petitioner's financial ability or constitute irreparable injury. It was also noted that petitioner had a choice, to either pay and participate, or seek an appeal from a final judgment entered after the pleadings are stricken due to petitioner's noncompliance with the court order.
There is no irreparable injury at this point, as the fees and costs have not yet been reduced to a fixed amount. If the amount of fees and costs subsequently determined by the court is unreasonably high in relation to the misconduct, thereby leading to financial hardship or effectuating a "permanent" stay due to plaintiffs' inability to make payment, certiorari review might be appropriate to consider whether there has been a departure from the essential requirements of law.
PETITION DENIED.
HARRIS and PALMER, JJ., concur.