On Motion to Dismiss Appeal

COPE, J.
The State moves to dismiss the appeal of a sanctions order entered against opposing trial counsel in a criminal case. We grant the motion.
Appellant Herbert Smith was trial counsel for Maurice Dalbec (“defendant Dal-bec”), who was charged with homicide. In April 2001, while that case was pending, the trial court imposed sanctions against Mr. Smith and ordered him “to make reimbursement to Miami-Dade County in the amount of $532.00 on or before May 18th, 2001.” Order, April 19, 2001.
Mr. Smith and defendant Dalbec timely petitioned for a writ of certiorari in this court, seeking to quash the sanctions order. This court ordered a response from the State, and then denied the petition for writ of certiorari without opinion. See Dalbec v. State, 792 So.2d 463 (Fla. 3d DCA 2001).
In May 2004, defendant Dalbec entered a guilty plea to the charge of second degree murder. The trial court accepted the plea and imposed judgment and sentence.
Within thirty days after entry of the judgment and sentence against defendant Dalbec, Mr. Smith filed a notice of appeal of the April 2001 sanctions order entered against him.*
The State moved to dismiss the appeal as untimely filed. The State argues that appellate review of the April 2001 order imposing sanctions on counsel needed to be taken within thirty days of the date that it was entered, and cannot be appealed at this time. The State’s position is well taken.
It is our view that an order imposing monetary sanctions on trial counsel and directing that the sanctions be paid by a date certain is a final order. It ended the judicial labor as to Mr. Smith, who was not a party to the case. See Philip J. Padovano, Florida Appellate Practice § 21.2 at 322 (2005 ed.).
*181 Mr. Smith cites Cunningham v. Hamilton County, Ohio, 527 U.S. 198, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999), in support of his claim that orders imposing sanctions are not final orders appealable prior to the entry of final judgment. That case is not persuasive here, for the rules of finality in the federal appellate system differ from those in Florida. As already mentioned, in Florida, the traditional test for determining the finality of an order is whether the order marks the end of judicial labor. Judicial labor as to the sanctions entered against counsel, a nonparty to the case, ended on April 19, 2001.
Appeal dismissed.

 The trial court had previously stayed the deadline for payment of the sanctions.