77 So.3d 925 (2012)
Sean C. MARTINEAU, Petitioner,
v.
BANCO POPULAR NORTH AMERICA, Respondent.
No. 2D11-3108.
District Court of Appeal of Florida, Second District.
January 27, 2012.
Virginia R. Vetter, Tampa, and Harold Lee Harkins, Jr., Tampa, for Petitioner.
Jason A. Rosenthal and Jennifer L. Morando of The Rosenthal Law Firm, P.A., Orlando, for Respondent.
PER CURIAM.
Dismissed as moot.
LaROSE and MORRIS, JJ., Concur.
CASANUEVA, J., Concurs with opinion.
CASANUEVA, Judge, Concurring.
Sean C. Martineau seeks certiorari review of an order denying his motion for a protective order in which he sought to prevent Banco Popular North America ("Banco") from conducting discovery and obtaining certain documents from Scottrade, a nonparty. In the time since that order issued, Banco has successfully obtained those documents. Therefore, I concur in the dismissal of Mr. Martineau's petition because the issue is moot. However, were this court able to reach the merits of this case, I would conclude that the trial court erred.
Banco obtained a judgment against Mr. Martineau, as the guarantor of a promissory note, in the amount of $1,107,581.26. Banco then undertook efforts to collect on its judgment. Mr. Martineau, as an individual, held a 95% interest in the Martineau Family Limited Partnership ("MFLP"). Mr. Martineau also held 100% of the stock of MFLPGP, Inc., a corporation which held a 1% interest in MFLP and was MFLP's sole general partner. Banco first successfully obtained the surrender of Mr. Martineau's entire interest in MFLPGP, resulting in the transfer of 100% of the MFLPGP stock. Then Banco secured a charging lien against Mr. Martineau's individual 95% interest in MFLP.
Banco's next move in collecting its judgment was to serve Scottrade with a subpoena duces tecum without deposition, requesting *926 production of financial records relating to an account owned by MFLP.[1] Mr. Martineau sought a protective order which the trial court denied.

Mr. Martineau's Argument
Mr. Martineau argues that the trial court's order is in direct violation of the plain language of section 620.1703, Florida Statutes (2010). This statute defines the limited rights that Banco obtained when it acquired Mr. Martineau's individual interest in MFLP, a limited partnership: "[T]he court may charge the partnership interest of the partner ... with payment of the unsatisfied amount of the judgment with interest," but "[t]o the extent so charged, the judgment creditor has only the rights of a transferee of the partnership interest." § 620.1703(1).
The section also states "[t]his section provides the exclusive remedy which a judgment creditor of a partner or transferee may use to satisfy a judgment out of the judgment debtor's interest." § 620.1703(3). "Other remedies, including... a court order for directions, accounts, and inquiries that the debtor general or limited partner might have made, are not available to the judgment creditor attempting to satisfy the judgment out of the judgment debtor's interest in the limited partnership and may not be ordered by a court." Id. Under the clear language of this section, the trial court erred by allowing Banco to conduct such "inquiries" into the Scottrade accounts when inquiries are prohibited by statute.

Banco's Alternative Theory
When Banco obtained MFLPGP, the remaining limited partners of MFLP dissociated MFLPGP as the general partner. Banco now offers this fact in an alternative argument to support the trial court's ruling. It claims that the dissociation was a fraudulent action intended to prevent Banco from conducting discovery through its newly acquired interest in MFLPGP. But MFLPGP is not a party to this action, and we are not convinced that Banco has standing to raise this assertion on MFLPGP's behalf.
Further, Banco did not present any evidence of fraud in the trial court. And even if Banco could have used MFLPGP as its conduit for obtaining information, the information available to it would have been restricted by section 620.1407, titled "Right of general partner and former general partner to information." It is unlikely that the information Banco sought from Scottrade would fall under any of the provisions of this section.

Conclusion
For these reasons I conclude the trial court erred in denying the motion for protective order. But because the petition is moot, I must concur with my colleagues in the dismissal of the petition.
NOTES
[1] Banco sought this production as a judgment creditor. It did not use its ownership of MFLPGP as its stalking horse and MFLPGP was not a party to the action below or the petition filed here.