PER CURIAM.
The petitioners seek a writ of certiorari to quash the circuit court’s order which compels disclosure of various emails that petitioners assert are protected by attorney-client privilege and which establishes respondent, City Center Bonds, LLC’s (CCB) entitlement to attorneys’ fees as sanctions under Florida Rule of Civil Procedure 1.380(a)(4). CCB asserted in its response that the challenged emails have already been turned over to them by a third party pursuant to the circuit court’s order. Petitioners did not respond to this assertion in their reply. We therefore dismiss the portion of the petition dealing with the discovery issue as moot. See Cicenia v. Mitey Mite Race Tracks, Inc., 415 So.2d 128, 129-30 (Fla. 4th DCA 1982) (holding that where respondents were already in possession of records which were subject of petition for writ of certiorari, action was moot); see also Martineau v. Banco Popular N. Am., 77 So.3d 925, 925 (Fla. 2d DCA 2012) (Casanueva, J., concurring) (noting that petition was being dismissed as moot because respondent had successfully obtained challenged documents since issuance of circuit court’s order). We dismiss the portion of the petition regarding attorneys’ fees for lack of jurisdiction. See Rydell v. Rutter, 834 So.2d 883, 884-85 (Fla. 5th DCA 2002) (concluding that certiorari review of a pretrial order awarding fees as a sanction was inappropriate at that time as the determination of entitlement “does not in itself demonstrate material harm or irreparable injury”); see also Gates McVey Capital Grp., L.L.C. v. Fortune Fin. Servs., Inc., 893 So.2d 644, 644 (Fla. 2d DCA 2005) (dismissing portion of petition for writ of certiorari which determined respondent’s entitlement to fees as sanctions under rule 1.380(a)(4)).
DAVIS, C.J, and NORTHCUTT and MORRIS, JJ., Concur.