NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CARLTON FIELDS JORDEN BURT,     )
                                )
          Appellant,            )
                                )
v.                              )     Case No. 2D14-476
                                )
SP HEALTHCARE HOLDINGS, LLC,    )
and ASC HOLDINGS, INC.,         )
                                )
          Appellees.            )
_____ )

Opinion filed May 27, 2015.


Appeal from the Circuit Court for
Hillsborough County; Paul L. Huey, Judge.

Sylvia H. Walbolt of Carlton Fields Jorden
Burt, P.A., Tampa, and Alan Rosenthal,
Natalie J. Carlos, and Steven M.
Blickensderfer of Carlton Fields Jorden
Burt, P.A., Miami, for Appellant.

Patrick M. Chidnese, Stacy D. Blank,
Joseph H. Varner, III, and Bradford D.
Kimbro of Holland & Knight LLP, Tampa,
and Leonard S. Englander and William G.
Lazenby of Englander & Fischer LLP, St.
Petersburg, for Appellees.


NORTHCUTT, Judge.

The Carlton Fields Jorden Burt (CFJB) law firm represents the defendants in litigation involving the defendants' purchase of a group of ambulatory surgery centers from the plaintiffs, SP Healthcare Holdings and ASC Holdings, Inc. (Holdings). This appeal concerns an order imposing monetary sanctions against CFJB stemming from a discovery controversy. See Smith v. State, 902 So. 2d 179, 180 (Fla. 3d DCA 2005) (holding that an order imposing monetary sanctions on trial counsel and directing that the sanctions be paid by a date certain was a final, appealable order). We reverse and remand for further proceedings.

A short history of the procedural posture of the litigation will help to explain why this discovery dispute arose. The trial court bifurcated the sellers' claims for purposes of trial—their contract claims would first be heard and resolved at a bench trial, after which their tort claims would be tried before a jury. The bench trial took place in late April and early May 2013. In June 2013, the court entered its order holding that the buyers, CFJB's clients, prevailed on all of the contract claims.

Thereafter, Holdings filed a motion for sanctions, seeking to strike the buyers' pleadings based on litigation misconduct. That motion was initially scheduled for hearing in October 2013 and then continued until January 2014. The second phase of the trial, in which a jury would hear the seller's tort claims, was set for November 2013, but, by stipulation of the parties, it was continued until the summer of 2014. In the September 2013 order continuing trial, the court emphasized that the discovery cut-off date would not be continued. It stated:

> *Only the following discovery will be allowed*: (1) any
> discovery allowed pursuant to a ruling on Plaintiffs'

previously-heard motion for a forensic computer examination; and (2) the discovery requests that are the subject of Jerry Newman's September 12, 2013, report and recommendation. *Otherwise, no further discovery will be allowed except upon motion and order for good cause shown.*

(Emphasis supplied.)

In November 2013, Holdings noticed the deposition of an expert it had retained to testify at the hearing on its motion for sanctions. The deposition was intended to preserve the expert's testimony because he was scheduled to be out of the country on the date of the hearing. The buyers moved to strike the notice. They contended that an expert was unnecessary and that the deposition violated the discovery cut-off. At the hearing on the motion, Holdings declared that it was "content with the no discovery rule being imposed," noting that it had agreed to it. The buyers' lawyer remarked that "[t]he parties agreed here and [the court] entered an order. No more discovery, . . . no experts, no nothing . . . ." The judge struck the notice of deposition, stating that he did not need an expert to opine on the issues raised in the motion for sanctions.

With the foregoing background in mind, we turn to the discovery sanction presently before us. In December 2013, CFJB served deposition subpoenas to the fact witnesses that Holdings intended to call in support of its motion for sanctions. Holdings moved for a protective order. As the buyers had done the previous month when seeking to preclude the deposition of Holdings' expert, Holdings contended that the buyers' deposition subpoenas violated the court's order reconfirming the discovery cut-off. Holdings noted that the buyers had never "suggested or requested an exception to

-3-

the discovery prohibition" for matters relating to its motion for sanctions, as opposed to discovery addressing the remaining tort-related portion of the trial. Holdings asked the court to strike the deposition notices and concluded its motion with a request for "whatever other relief the [c]ourt deems just and proper, including awarding [] fees and costs incurred in connection with this motion."

In response to the motion for protective order, CFJB recited the following discussion that took place at the hearing on its motion to strike Holdings' notice of the expert's deposition:

> [CFJB attorney] I do want to know who the witnesses are going to be [at the motion for sanctions hearing], and I want to . . . if there are going to be witnesses, I want to depose them.
>
> [Court] Alright. No—no experts and—

The buyers claimed that this conversation put Holdings on notice that they would depose any fact witness who would be testifying at the hearing on the motion for sanctions. The buyers also pointed out that Holdings did not object at the time. In any event, they contended, the discovery cut-off applied only to the second phase of the trial, not to the motion for sanctions.

On the morning of the scheduled hearing on Holdings' motion for protective order, the judge sua sponte cancelled the hearing and entered an order granting the motion. The order also provided that "Defendants' law firm, Carlton Fields Jorden Burt, is sanctioned $1,000.00 for Plaintiffs' costs incurred in having to file the

Motion, and shall pay Plaintiffs' law firm, Holland & Knight LLP, such amount on or before January 31, 2014." The sole issue in this appeal is the propriety of this sanction.

The first dispute we must resolve is whether the circuit court imposed the sanction under its inherent authority to do so, or whether it proceeded under Florida Rules of Civil Procedure 1.280 and 1.380 to compensate Holdings for attorney's fees and costs incurred in pursuing the motion. The sanction order does not state its basis.

CFJB posits that the court invoked its inherent authority and that the order must be reversed because it failed to include findings of fact required to support the ruling. See Moakley v. Smallwood, 826 So. 2d 221, 226-27 (Fla. 2002) (stating that the court must make an express finding of bad faith, provide detailed facts supporting that finding, and give the party sanctioned an "opportunity to be heard"). We disagree.

Florida Rules of Civil Procedure 1.280(c) and 1.380(a)(4) permit awards of attorney's fees in the discovery context. Rule 1.280(c) addresses motions for protective orders and specifically provides that rule 1.380(a)(4) applies to an "award of expenses incurred in relation to the motion." Rule 1.380(a)(4) states:

> If the motion is granted and after opportunity for hearing, the court shall require the party or deponent whose conduct necessitated the motion or the party or counsel advising the conduct to pay to the moving party the reasonable expenses incurred in obtaining the order that may include attorneys' fees . . . .

Holdings did not specify that it sought fees under these rules, but neither did it specifically assert that CFJB was acting in bad faith, as would be necessary to justify an award pursuant to the court's inherent authority to impose sanctions. See Moakley. We

-5-

are satisfied that the order awarded fees pursuant to the referenced rules of civil procedure.

We also conclude that under the circumstances of this case, the decision to impose sanctions was not in itself an abuse of discretion. See Winn-Dixie Stores, Inc. v. Miles, 616 So. 2d 1108, 1110 (Fla. 5th DCA 1993). However, when a court determines to award fees to the prevailing party in a discovery dispute, it must comply with rule 1.380(4), which requires that the sanctioned party have an opportunity to be heard before the sanction is imposed. The court's cancellation of the hearing deprived CFJB of that opportunity. Moreover, the sanction is limited to the amount of the moving party's reasonable expenses. Fla. R. Civ. P. 1.380(a)(4). Because the court failed to conduct the requisite hearing, there was no evidentiary support for the amount of the sanction it imposed. We reverse and remand for the court to conduct a hearing to allow CFJB to be heard on the sanction and to take evidence concerning Holdings' reasonable expenses incurred in connection with the protective order. See Trovato v. Trovato, 16 So. 3d 290 (Fla. 4th DCA 2009).

Reversed and remanded.


LaROSE and MORRIS, JJ., Concur.

-6-