NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JON D. PARRISH,                     )
                                    )
          Petitioner,               )
                                    )
v.                                  )          Case No. 2D15-1674
                                    )
RL REGI FINANCIAL, LLC, and         )
REGIONS BANK,                       )
                                    )
          Respondents.              )
_____ )

Opinion filed June 29, 2016.

Petition for Writ of Certiorari to the
Circuit Court for Collier County; Hugh D.
Hayes, Judge.

Jon D. Parrish of Parrish, White &
Yarnell, P.A., Naples, for Petitioner.

Mark S. Roher of Jones Walker LLP,
Miami, for Respondent RL REGI
Financial, LLC.

Aaron Weiss and Steven Blickensderfer
of Carlton Fields Jorden Burt, P.A.,
Miami, for Respondent Regions Bank.


NORTHCUTT, Judge.

Jon D. Parrish petitioned for a writ of certiorari seeking to quash an order imposing sanctions against him and his firm, Parrish and Yarnell, P.A.[1] We treat the petition as an appeal, and we reverse the order insofar as it imposes nonmonetary sanctions. Because the monetary sanctions are not ripe for review, we dismiss that portion of the appeal.

A court has inherent authority to order payment of attorney's fees and costs as a sanction for bad faith conduct of an attorney. See Moakley v. Smallwood, 826 So. 2d 221, 224-25 (Fla. 2002). Generally, an order imposing monetary sanctions against trial counsel and directing that they be paid on a certain date is a final, appealable order. See Burt v. SP Healthcare Holdings, LLC, 163 So. 3d 1274, 1275 (Fla. 2d DCA 2015) (citing Smith v. State, 902 So. 2d 179, 180 (Fla. 3d DCA 2005)). The sanctions order at issue here established an entitlement to attorney's fees and costs, but it did not reduce the award to a fixed amount in a final order. An order determining an entitlement to attorney's fees and costs without setting the amount is a nonfinal, nonappealable order.[2] Greenberg v. Greenberg, 129 So. 3d 470, 471 (Fla. 2d DCA 2014); see also Rocka Fuerta Constr., Inc. v. Southwick, Inc., 103 So. 3d 1022, 1025-26 (Fla. 5th DCA 2012) (dismissing as premature the order granting sanctions and

---

[1]Regions Bank also sought reimbursement from Parrish's clients, Gunther Development, LLC and Don Gunther, for the cost of a plane ticket following a cancelled deposition. That portion of the order is not at issue here.

[2]We note that a pretrial order establishing an entitlement to attorney's fees and costs as a sanction is not reviewable by certiorari where it has not been reduced to a fixed amount because the determination of entitlement does not itself establish material harm or irreparable injury. See Boardwalk & Baseball, Inc. v. City Ctr. Bonds, LLC, 161 So. 3d 402, 402 (Fla. 2d DCA 2014); Rydell v. Rutter, 834 So. 2d 883, 884-85 (Fla. 5th DCA 2002).

awarding attorney's fees and costs because the trial court made no determination of the amount of fees to be awarded). Thus, the portion of the appealed order imposing monetary sanctions is not reviewable at this time.

The sanctions order also directed Parrish to "self-report this violation to the Florida Bar within thirty (30) days and provide confirmation of such reporting to the Court by a notice of filing to be placed on the docket in this case." This portion of the order is final and appealable as to Parrish, who was not a party to the underlying case. See, e.g., Smith v. State, 902 So. 2d 179, 180 (Fla. 3d DCA 2005) (holding that an order imposing monetary sanctions on trial counsel and directing that they be paid by a date certain is a final order because it ended the judicial labor as to trial counsel who was not a party to the case).

An order imposing sanctions is reviewed for an abuse of discretion. Rush v. Burdge, 141 So. 3d 764, 766 (Fla. 2d DCA 2014). Pursuant to rule 3-7.1(1) of the Rules Regulating the Florida Bar, with certain limited exceptions, all attorney disciplinary matters pending at the initial and grievance committee levels are treated as confidential. Although Moakley authorizes the imposition of attorney's fees and costs as a sanction for bad faith conduct of an attorney, the trial court had no inherent authority to order Parrish to self-report a "violation" to the Florida Bar with confirmation of such to be placed in a public court file. The trial court abused its discretion in ordering him to do so.

Further, the sanctions order failed to comport with the strictures of Moakley. The Moakley court stated:

> Accordingly, we conclude that the trial court's exercise
> of the inherent authority to assess attorneys' fees against an

> attorney must be based upon an express finding of bad faith conduct and must be supported by detailed factual findings describing the specific acts of bad faith conduct that resulted in the unnecessary incurrence of attorneys' fees. Thus, a finding of bad faith conduct must be predicated on a high degree of specificity in the factual findings. In addition, the amount of the award of attorneys' fees must be directly related to the attorneys' fees and costs that the opposing party has incurred as a result of the specific bad faith conduct of the attorney. Moreover, such a sanction is appropriate only after notice and an opportunity to be heard-including the opportunity to present witnesses and other evidence.

826 So. 2d at 227. In Rush as well, this court also held "that without a finding of bad faith, it was error to impose a financial sanction premised upon the exercise of the trial court's inherent authority." 141 So. 3d at 767.

In this case, even if it were a permissible sanction, Parrish received no notice that he might be ordered to report himself to the Florida Bar. Regions Bank did not seek this sanction in its motion for sanctions, and there was no discussion at the motion hearing regarding a Bar violation, let alone an opportunity for Parrish to be heard and to present witnesses or evidence on his behalf. We also note that the circuit court did not make an express finding of bad faith when imposing any of the sanctions, monetary or nonmonetary, and it did not set out detailed factual findings describing the specific acts of bad faith conduct.

Dismissed in part; reversed in part.

KELLY and CRENSHAW, JJ., Concur.

- 4 -