GREMILLION, Judge,
dissents.-
I dissent from the opinion of the majority, largely in agreement with Judge Cooks’ well-reasoned dissent.
The State focuses its argument on La. Code Crim.P. art 345(D)(3), and maintains that the trial court may not adjudge the bond obligation satisfied without all three conditions having been met. In support thereof, it cites State v. Int’l Fid. Ins. Co., 32,837 (La.App. 2 Cir. 3/1/00), 756 So.2d 565. In that matter, the surety had bonded the defendant’s appearance in district court in Ouachita Parish. The defendant failed to appear. He became incarcerated in Union Parish and was released from Union Parish into the custody of the West Monroe Police Department, who sought him in connection with pending charges in West Monroe City Court. The same surety who had bonded the defendant’s appearance in district court then bonded the defendant and secured his release from the West Monroe City Jail. Later, that surety submitted a check to the Ouachita Parish Police Jury for the cost of having the defendant transported from Union Parish to Ouachita Parish, despite knowing that defendant was not incarcerated in Union Parish. The police jury returned' the check to the surety because the bond forfeiture judgment had not been satisfied. The surety filed a motion to have the obligation deemed satisfied, which was granted. The court of appeal reversed, holding that the surety must pay the transportation costs under La.Code Crim.P. art. 345(D)(3) before the defendant is released.
State v. International Fidelity is readily distinguished from the matter at bar. In State v. International Fidelity, the same surety that furnished the defendant’s bond in Ouachita Parish furnished the bond that secured his release from West Monroe City Jail. That the defendant was no longer incarcerated in a different jurisdiction was not entirely within the surety’s control. The other cases cited by the State, namely, State v. Davila, 01-418 (La.App. 1 Cir. 3/28/01), 814 So.2d 56, and State v. Matteson, 36,628 (La.App. 2 Cir. 12/11/02), 833 So.2d 1199, are also distinguished from the present case. All were decided before a quite substantive amendment of Article 345 effected in 2006 La. Acts No. 466, which added Subsections (I) and (J). I hasten to point out that so was State v. Ramee, 05-748 (La.App. 3 Cir. 5/9/06), 930 So.2d 1092, cited by the majority. Subsection (I) provides:
In addition to and notwithstanding any other provision of law, a surety may seek an extension of time to surrender a defendant, or have the judgment of bond forfeiture set aside by filing a motion in the criminal court of record and after contradictory hearing with the district attorney and with proof satisfactory to the court that a fortuitous event has occurred and that the event has made it impossible to perform as required under the contract. A motion seeking relief pursuant to this Paragraph must be filed within three hundred sixty-six days from the date of the fortuitous event, excluding legal delays. The court in its discretion may do any of the following:
(1) Set aside the forfeiture or grant the nullity.
(2) Grant an extension of up to three hundred sixty-six days from the expiration of the initial time period allowed for the surrender of the defendant from the date of the mailing of proper notice of bond forfeiture. If the court grants that ex *847 tension, judicial interest shall be suspended during that additional time period.
(3) Deny the relief.
City of Lafayette v. Tyler, 14-663 (La.App. 3 Cir. 12/10/14), 163 So.3d 1276, is also easily distinguishable from the present matter. In Tyler, the defendant had been incarcerated and the surety failed to notify the officer who was originally charged with his detention. It was not the failure of the State to act, but the surety.
The payment of the reasonable costs by International Fidelity were dependent upon the State seeking extradition of Ms. Tabb from Colorado, and the State having failed to do so, it was impossible for those costs to be paid. As Judge Cooks plainly points out in her dissent, “[C]learly the surety is not able to remove the defendant from custody in Colorado without the State doing its part.” The trial court was well within its discretion under Subsection (I) to set aside the judgment of bond forfeiture.
I agree with Judge Cooks and would affirm the judgment of the trial court.